UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA, Secretary of Labor,    *
 United States Department of Labor,         *
                                            *
                Plaintiff,                  *
                                            *
KATHRYN T. PUCCIO,                          *  CIVIL ACTION FILE NO.
                                            *
                Defendant.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## **COMPLAINT**

R. Alexander Acosta, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain appropriate relief, to redress violations, to obtain restitution from employee benefit plan fiduciaries and parties in interest, and to obtain other equitable relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Connecticut pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

(4)     Until March 12, 2012, the Law Offices of Thomas P. Puccio ("T. Puccio") had been an employer, within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and had an office and place of business at 230 Park Avenue, New York, New York. The employer was dissolved upon the death of Thomas P. Puccio on March 12, 2012.

(5)     On January 1, 1993, the Law Offices of Thomas P. Puccio had established the Thomas P. Puccio Pension Plan ("the Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a). The employer was the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and, during the period of its operation, acted as Plan Administrator. After the death of Thomas P. Puccio, the Plan continued in operation.

(6)     The purpose of the Plan was, and is, to provide retirement benefits for the exclusive benefit of its participants, employees of the company and their beneficiaries.

(7)     According to the Plan documents, the Plan was, and is, to provide pension benefits to eligible participants in the form of either a monthly annuity or a lump sum payment upon the participant reaching the age of 62. The pension benefits are subject to a vesting schedule, and are to be calculated as 5.720% of the average monthly compensation multiplied by the total years of participation, which is capped at 14 years. Assets are valued on the basis of market value.

(8)     To date, in addition to T. Puccio and Defendant Kathryn T. Puccio, there are two other participants entitled to pension benefits from the Thomas P. Puccio Pension Plan.

(9) From the time the Plan was established in 1993 until his death on March 12, 2012, T. Puccio was a named Trustee of the Plan, according to the Plan documents. Further, during that time period, he exercised discretionary authority and control respecting management and exercised authority and control respecting the management and disposition of assets of the Plan. Further, he had discretionary authority and responsibility in the administration of the Plan. As such, T. Puccio was a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In addition, T. Puccio was a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A)(E) and (H).

(10) From the time the Plan was established and continuing to the present, Defendant Kathryn T. Puccio, ("K. Puccio") wife of T. Puccio, was, and is, a named Trustee of the Plan and, at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan. Further, since her husband's death, she has had discretionary authority and responsibility in the administration of the Plan. As such, Defendant K. Puccio is a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). In addition, Defendant K. Puccio is a party in interest with respect to the Plan within the meaning of ERISA §§ 3(14)(A) and (F), 29 U.S.C. §§ 1002(14)(A) and (F).

(11) Defendant K. Puccio resides within the jurisdiction of this Court at 61 Singing Oaks Drive, Weston, Connecticut.

(12) Starting in 2009, Defendants T. and K. Puccio began to withdraw and divert assets from the Plan's investment accounts in several financial institutions for deposit to their joint bank accounts to pay for personal expenses.

(13)     The Plan account records with E*Trade Securities, LLC, show that between November 1, 2006 and April 13, 2011, a total of $1,150,723.00 was withdrawn from the Plan account and deposited or wired to their joint bank accounts. As of March 31, 2016, $789.15 remained in the Plan account.

(14)     The Plan account records with Morgan Stanley Smith Barney, LLC, show that between January 31, 2012 and December 31, 2015, Plan shares were only invested in one stock. As a result, the account balance fluctuated between a high of $41,000 and a low of less than $10,000, and was subject to hundreds of dollars in low balance fees. As of April 2016, $17,518.79 remained in the Plan account.

(15)     The Plan account records with Neuberger Berman, LLC, show that between February 9, 2012 and March 12, 2012, T. Puccio withdrew or transferred $50,000.00 from the Plan's account and deposited that amount to the Puccios joint bank account.

(16)     By permitting Plan assets to be withdrawn from these various accounts and diverted to her and her husband's personal joint bank accounts, Defendant K. Puccio, as a Trustee to the Plan, failed in her duty to monitor the actions of her co-fiduciary, T. Puccio, to ensure that the assets of the Plan were properly managed, and to ensure that the Plan assets of the Trust were preserved and intact.

(17)     After the death of T. Puccio on March 12, 2012 and continuing until July 13, 2013, Defendant K. Puccio continued to divert Plan assets from the Plan's investment accounts for her own personal use. Between March 12, 2012 and June 26, 2013, K. Puccio withdrew or transferred a total of $165,398.96 to her own bank accounts to pay to

4

her creditors for her personal expenses. As of June 26, 2013, there has been a zero balance in the Plan account with Neuberger Berman, LLC.

(18) There is also a zero balance in the Plan's investment accounts with UBS Financial Services, and The Vanguard Group, Inc.

(19) As a result of T. and K. Puccio withdrawing Plan assets from the various Plan investment accounts and using them for their personal use, the Plan is unable to satisfy the pension benefit entitlements of two other Plan participants: as of March 1, 2017, one has a Vested Accrued Benefit (present value) totaling $265,980.91, and the other has a Vested Accrued Benefit (present value) totaling $173,520.18.

(20) As a result of the conduct set forth at paragraphs 12-19, Defendant failed to discharge her fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries, and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 104(a)(1)(A).

(21) As a result of the conduct set forth at paragraphs 12-19, Defendant failed to discharge her fiduciary duties with care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(22) As a result of the conduct set forth at paragraphs 12-19, Defendant engaged in prohibited transactions by causing or permitting the Plan to engage in transactions constituting a direct or indirect transfer to or use of plan assets for her own and her husband's benefit, parties in interest with respect to the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

(23)   As a result of the conduct set forth at paragraphs 12-19, Defendant engaged in prohibited transactions by dealing with the assets of the Plan in her own interest or for her own account, in violation of ERISA § 406(b)(1),  29 U.S.C. § 1106(b)(1).

(24)   As a result of the conduct set forth at paragraphs 12-19, Defendant breached her fiduciary responsibilities to the Plan by acting in her individual capacity where those interests were adverse to the interests of the Plan's participants and beneficiaries, by, among other things, using assets of the Plan to benefit herself and her husband rather than the participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

(25)   As a result of the conduct set forth at paragraphs 12 and 16, Defendant is liable for the breaches of her husband, T. Puccio, pursuant to ERISA § 405(a) and (b), 29 U.S.C. § 1105(a) and (b) because she failed in her duty, as a Trustee, to monitor the actions of her husband, also a Trustee, in order to ensure that the Plan assets of the Trust were preserved and intact.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1)  Permanently enjoining Defendant from violating, or knowingly participating in violations of, the provisions of ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

(2)  Permanently enjoining Defendant from serving as a fiduciary to any other future employee benefit plan covered by ERISA;

(3)   Requiring Defendant to undo the prohibited transactions in which she engaged and to restore to the Plan any and all losses incurred as a result of breaches of

her fiduciary duties and violations she committed or for which she is liable, with appropriate interest;

(4)   Appointing an Independent Fiduciary to the Plan for the purpose of collecting the amounts due and owing and distributing pension benefits to the two Plan participants entitled to their pension benefit, and finally terminating the Plan;

(5)   Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

| | |
|---|---|
| John H. Durham, U.S. Attorney<br>District of Connecticut<br>Connecticut Financial Center<br>157 Church St., 25th Floor<br>New Haven, CT  06510<br>(203) 773-5376 | Kate S. O'Scannlain<br>Solicitor of Labor<br><br>Michael D. Felsen<br>Regional Solicitor<br><br>*/s/ Gail E. Glick*<br><br>Gail E. Glick<br>Attorney<br>U.S. Department of Labor<br>Attorneys for Plaintiff<br><br>Post Office Address:<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Building<br>Room E-375<br>Boston, MA  02203<br><br>TEL: (617) 565-2500<br>FAX: (617) 565-2142<br><br>DATE:  March 29, 2018 |