UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALEXANDER ACOSTA

v.

No. 3:18-cv-00532-MPS
May 1, 2019

KATHRYN T. PUCCIO

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

Defendant Kathryn T. Puccio files this Memorandum in support of her Motion to Dismiss the

above action pursuant to Fed. R. Civ. P. 12b(2), lack of personal jurisdiction and 12b(5), insufficient

service of process.

In support hereof, Defendant represents through undersigned counsel that she is 70 years old;

has been and remains presently under medical care for illnesses that are serious and debilitating in

nature; that her medical problems have accelerated over the past year and her degree of debilitation has

increased; and she is a widowed housewife whose formal education is limited to a high school degree.

THE RELEVANT DATES

On September 7, 2018, the Honorable Michael P. Shea granted the Plaintiff's Second Motion for

Extension of Time until October 1, 2018 to Serve Complaint on Summons on Defendant (Docket 10)

with an Order that "Plaintiff shall serve Defendant no later than October 1, 2018." Docket 11.

By Affidavit of Service found at Docket 12, one Eric Rubin of Connecticut Process Serving,

LLC stated on October 18, 2018 that he served the Defendant on October 16, 2018, which is outside

the time established in the Order of September 7, 2018 on the second motion for extension of time in

this case that was filed by the Plaintiff on March 29, 2018. N.B., the 90 day period for service under

Rule 4m, that was twice extended by the Court on Plaintiff's motions, would have been June 27, 2018.

BACKGROUND

By way of background, the Defendant is the widow of a prominent lawyer who was in a solo

criminal practice in New York City, and the Plaintiff's claim arises as to the Defendant widow's

obligations under the pension fund that had been set up and controlled by her husband with his wife as a nominal trustee.

The defense of the Defendant relies on her participation and ability to articulate to the trier of fact what she knew and did not know, and to demonstrate the reasonableness of her actions and inactions. As time passes, the health and ability of the septuagenarian Defendant to participate in her defense do not increase, and the Order of September 7, 2018 could have been followed by service no later than October 1, 2018, or alternatively by a request to the Court to enlarge the time specified in Judge Shea's Order for such reasons as the Court might have found persuasive, but the terms of the Order were not observed and Dismissal is an appropriate sanction.

JUDICIAL DISCRETION

A review of the cases suggests the Court's discretion to dismiss when service of process deadlines have been ignored. Dismissal is urged here, as it is more than a year after the case was filed, and under the rules of service of process in the District of Connecticut, the Plaintiff could have proceeded to service by mail or by leaving at her usual place of abode, or by asking counsel for the Defendant if he would accept service, certainly achieving service by the October 1, 2018 date set by the Court on the second extension of time, if not within the ninety days specified by Rule 4m. Upon information and belief none of that happened. If this case is dismissed, perhaps the Plaintiff can reassess the merits of his claim and reengage with the Defendant on whether an appropriate resolution with this innocent spouse can be amicably achieved.

WHEREFORE, Defendant prays that the case be Dismissed.

Respectfully,
KATHRYN T. PUCCIO, Defendant

By _____
MARK A. SHIFFRIN, ESQ.
129 Church Street – Suite 501- New Haven CT 06510
Fed Bar ID Ct00245 - mark@markshiffrin.com  Tel. 203-553-5353
HER ATTORNEY

CERTIFICATION

A copy of the foregoing was served by email to Gail E. Glick, Senior Trial Attorney, Office of the Solicitor, U.S. Department of Labor, at glick.gail@dol.gov and bos-sol-ecf@dol.gov on 5/1/2019.

Mark A. Shiffrin, Esq.