UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF CONNECTICUT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

R. ALEXANDER ACOSTA, Secretary of Labor,     \*
 United States Department of Labor,         \*
                                      \*

          Plaintiff,           \*
                                      \*

KATHRYN T. PUCCIO,            \*     CIVIL ACTION FILE NO.
                                     \*       3:18-cv-00532-MPS
                                      \*

          Defendant.          \*
                                      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS

R. Alexander Acosta, Secretary of Labor, Plaintiff in the above-captioned matter, ("Secretary") hereby objects to Defendant Kathryn T. Puccio's Motion to Dismiss Plaintiff's Complaint.

Defendant claims that service of process was untimely as it occurred outside the time enlargement allowed by the Court. This claim implies that Defendant Puccio was somehow blindsided or in some way prejudiced. Quite the contrary. By her electing to lie low and wait until the last juncture to engage in this action, Defendant Puccio has demonstrated a continuous pattern of attempting to subvert this case from proceeding in an expeditious way.

By way of background, on November 27, 2017, Defendant Puccio was sent a demand letter seeking restitution to the Thomas P. Puccio Pension Plan ("Plan"), for which she is co-Trustee. Apparently, she was made aware of the Secretary's allegations by that letter because on December 18, 2017, the undersigned counsel for Plaintiff received a phone call from Attorney

Ernest Honecker, apparently a friend and informal counselor to Defendant.  From that call, Attorney Honecker sought to discover the bases for the Secretary's allegations.  By letter dated January 16, 2018, counsel sent an explanatory letter to Attorney Honecker outlining the Secretary's factual and legal bases for the allegations.  On February 12, 2018 and February 15, 2018, Attorney Honecker dispatched responsive letters to Plaintiff's counsel.  On March 8, 2018, Plaintiff's counsel sent a letter to Attorney Honecker indicating that his arguments lacked legal merit and unless the parties could work out a resolution, the Secretary would be filing a Complaint.  No resolution was discussed and at no time did Attorney Honecker indicate that he would appear and represent Defendant Puccio in Court proceedings.

On March 29, 2018, the Secretary filed his Complaint with this Court naming Kathryn T. Puccio as Defendant.  On April 9, 2018, Plaintiff's counsel sent by mail to Defendant Puccio, at her address of record -- 61 Singing Oaks Drive, Weston, CT --  the Complaint with accompanying documents and a Request for Waiver of Service.  Plaintiff never received a response or a signed Waiver of Service.   Consequently, on June 5, 2018, Plaintiff requested a Summons from the Court and, on June 8, 2018, Connecticut Process Serving LLC attempted in-hand service on Defendant at her residence.   The process server indicated that he could not effect service; according to his notes, the house appeared vacant and a "for sale" sign was in the yard.  Attorney Honecker never indicated that Defendant Puccio had moved or was otherwise not residing at the address.

On July 16, 2018 and August 29, 2018, Plaintiff's counsel filed Motions to Extend Time to Serve Complaint and Summons, which were granted.  It was not until October 16, 2018 that the Connecticut Process Server succeeded in effecting in-hand service on Defendant Puccio at her residence.  Proof of Service was filed with the Court on October 23, 2018, at which time the

Court set a filing deadline of November 6, 2018 for Defendant's Answer.  At no time did the Court void Plaintiff's service of process for being untimely.  For each of Plaintiff's filings, a certificate of service was sent to Defendant's residence.  On November 25, 2018, Plaintiff's counsel sent to Defendant Puccio, by overnight mail, notice of her Answer deadline.  No Answer was ever timely filed.

On January 24, 2019, the Court issued an Order for Plaintiff to file for Default since no Answer had been filed.  On January 30, 2019, Plaintiff's counsel file a Motion for Entry of Default; overnight notification was sent to Defendant the next day.  On February 13, 2019, the Court entered Default; again, overnight notification was sent to Defendant the next day.  On February 19, 2019, Plaintiff's counsel filed a Motion for Judgment by Default; and, again, overnight notification was sent to Defendant the next day.

Not until March 12, 2019, when Attorney Mark Shiffrin filed Defendant's Motion to Open Default and Motion to Extend Time to Respond to Default Judgment, did Plaintiff ever receive any response from Defendant or any Notice of Appearance from legal counsel for Defendant.

Plaintiff records this chronology for the purpose of demonstrating that since at least November 2017 Defendant had clearly been made aware of the Secretary of Labor's allegations that she breached her ERISA fiduciary duties as a Trustee, and that the Secretary would be taking legal action unless it could be resolved informally.  It is obvious that from the beginning stages of this matter – Plaintiff's conversations and correspondence with Attorney Honecker – that Defendant well knew that Secretary would be seeking restitution for losses to the Plan and would be pursuing legal action.  Furthermore, with each certificate of service which she was sent and she received, she was made aware of each stage in the ongoing litigation.  Plaintiff made

3

every effort to notify and engage with Defendant throughout – which includes the multiple attempts to effect service. In no way have Plaintiff's actions prejudiced her.  In fact, not only does it appear that Defendant has been residing at her Weston residence all along, but it is also obvious that she has been hiding her head in the sand or malingering in any which way to avoid facing the legal consequences of her actions or inactions.  This counterproductive behavior cannot be condoned.  By her actions, she has unnecessarily protracted this litigation.  She should not be rewarded now for evading her obligations when she clearly has been made aware of them from the outset.

For these reasons, Defendant's Motion for Dismissal should be denied, and this matter should proceed as expeditiously as possible.

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

*/s/  Gail E. Glick*
Gail E. Glick
Attorney
U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203

TEL: (617) 565-2500
FAX: (617) 565-2142
Email:  glick.gail@dol.gov

DATE:  May 2, 2019

4