UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR,<br>United states Department of Labor<br>    *Plaintiff*,<br><br>v.<br><br>KATHRYN T. PUCCIO,<br>    *Defendant*. | No. 3:18-cv-00532 (MPS) |

**MEMORANDUM OF DECISION AND SCHEDULING ORDER**

    The Secretary of Labor brings this action against Kathryn T. Puccio alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*. The Secretary filed his complaint on March 29, 2018. (ECF No. 1.) After granting two motions for extensions of time to serve the complaint, I set a service deadline of October 1, 2018. (ECF No. 11.) The Secretary filed an affidavit of service stating that Ms. Puccio was personally served on October 16, 2018, but she refused to take the documents. (ECF No. 12.) Ms. Puccio failed to answer the complaint. Accordingly, on January 24, 2019, I ordered the Secretary to file a motion for default entry within 21 days. (ECF No. 13.) The Secretary filed a motion for default entry on January 30, 2019 (ECF No. 14), the Clerk entered default on January 30, 2019 (ECFF No. 15), and the Secretary filed a motion for default judgment on February 19, 2019. (ECF No. 16.)

    On March 12, 2019, Ms. Puccio filed a motion to set aside the default. She acknowledged that she had received the summons and complaint, but explained that as "a widowed housewife whose formal education is limited to a high school degree," she did not "understand[] that the papers should have been forwarded to [her attorney]." (ECF No. 17 at 1.) Defense counsel represented that he reasonably expected that Ms. Puccio had "good defenses" to the allegations

1

in the complaint. (*Id* 1–2.) I granted the motion to set aside default on April 17, 2019. (ECF No. 20.) I required Ms. Puccio to file her responsive pleading within 14 days and counsel to confer and file a joint Rule 26(f) Report within 21 days. (*Id.*) I also reminded the parties of their obligation under Fed. R. Civ. P. 1 to ensure a "just, speedy, and inexpensive determination" of the proceeding, particularly in light of the lengthy delays at the outset of the case. (*Id.*)

Ms. Puccio has now filed a motion to dismiss the complaint for lack of personal jurisdiction and for insufficient service of process. (ECF No. 21 at 1–2.) She asserts that service of process was untimely because the Secretary served the summons and complaint on October 16, 2018—15 days after the twice-extended deadline for service. (*Id.*) Further, she explains, she is a "septuagenarian" and "as time passes, [her] health and ability . . . to participate in her defense do not increase . . . ." (*Id.* at 2.) The Secretary opposes the motion. (ECF No. 22.) He details his communication with Ms. Puccio's former attorney about the claims before the filing of the complaint and efforts at service after he instituted this action. (*Id.*) In short, he asserts that Ms. Puccio deliberately avoided accepting service until it became clear that she faced financial consequences if the Court entered default judgment. (*Id.*)

The Secretary has shown good cause for failing to serve the complaint within the deadline established by the Court. *See Counter Terrorist Grp. U.S. v. New York Magazine*, 374 F. App'x 233, 234 (2d Cir. 2010) ("Although a district court must grant an extension [for service] where good cause is shown, it may also grant a discretionary extension absent such showing."). In particular, the Secretary explains that the process server attempted service at Ms. Puccio's residence on multiple occasions, but the house appeared vacant. He mailed a request for waiver of service, but received no response. He was nevertheless able to serve Ms. Puccio at her residence in October, suggesting that she had been living at that location all along. Ms. Puccio

also had actual notice of the Secretary's claims against her through the Secretary's discussions with her attorney before the complaint was filed. Here, the only prejudice Ms. Puccio identifies from the untimely service is her potential inability to recall information relevant to her defense. The parties jointly represent that, if the Court dismisses the complaint for insufficient service of process, the Secretary will simply refile the complaint, and Ms. Puccio's attorney agrees that he will accept service on her behalf and file an answer promptly. (ECF No. 24 at 1–2.) Thus, dismissing the case now would only cause additional delay, ultimately working to her detriment.

The parties have also filed a joint motion for extension of time to conduct a planning conference and file a report pursuant to Local Rule 26(f). (ECF Nos. 23 & 24.) The parties filed their motion one day before their report was due. Under Local Rule 7(b), all motions for extensions of time must "be filed at least three (3) days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline." The joint motion does not describe any "compelling circumstances" warranting a departure from the Local Rules. As a result, the motion is DENIED. In view of the parties' apparent unwillingness to cooperate to move this action forward, the Court adopts the following schedule for this case:

- Plaintiff shall file her responsive pleading within **7 days** of this order.
- All discovery will be completed, not propounded, by **November 8, 2019**.
- Dispositive motions are due by **December 8, 2019**.
- If a dispositive motion is filed, the joint trial memorandum will be due **thirty days** from the date of the Court's decision on the motion. If no dispositive motion is filed, the joint trial memorandum is due by **January 10, 2020**. The case will be considered trial ready immediately upon the filing of the joint trial memorandum.
- The Court will hold a Telephonic Status Conference on **August 2, 2019 at 10:00 a.m.** The Court will circulate dial-in information via email. The parties will file a joint status report by **July 26, 2019**.

- Plaintiff's expert reports are due **August 9, 2019**, and depositions of Plaintiff's experts will be completed by **September 9, 2019**. Defendant's expert reports are due **October 8**, and depositions of Defendant's experts will be completed by **November 8, 2019**.

The Court is unlikely to grant extensions to this schedule, and will not do so absent a showing of diligence and good cause. The parties are responsible for following the appended instructions regarding (1) joint status reports, (2) discovery disputes, and (3) the joint trial memorandum, all of which the Court hereby incorporates as part of this Scheduling Order. Finally, defense counsel has not yet filed an appearance in accordance with Local Rule 5(b). He shall file an appearance within **7 days**.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
May 10, 2019

## I. INSTRUCTIONS FOR STATUS REPORTS

On or before the deadline assigned by the Scheduling Order, the parties shall file with the Clerk's Office, with certification copies sent to all counsel of record, an original joint status report, stating the following:

(a) The status of the case, describing the status of discovery and identifying any pending motions and any circumstances potentially interfering with the parties' compliance with the scheduling order;

(b) Interest in referral for settlement purposes to a United States Magistrate Judge or to the District's special masters program;

(c) Whether the parties will consent to a trial before a magistrate judge; and

(d) The estimated length of trial.

No status reports will be accepted via facsimile.

## II. INSTRUCTIONS FOR DISCOVERY DISPUTES

All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to comply with the following requirements:

1. Counsel for parties to discovery disputes must jointly contact Judge Shea's Chambers by telephone to notify the Court that a dispute exists and provide a brief oral description of the nature of the dispute. Except in extraordinary circumstances, Chambers staff will not entertain such a communication unless counsel for all parties to the discovery dispute are on the telephone when the call is made to Chambers.

2. Within three (3) days of counsel contacting Chambers to notify the Court of the existence of a dispute, each party must provide Chambers via e-mail with a written submission summarizing the nature of the dispute and briefly explaining its position. The written submission shall take the form of a letter and shall be no more than two pages in length. All such communications must be copied to opposing counsel and must include the certification discussed in paragraph 6 below.

3. If the dispute involves a written interrogatory, request for production, request for admission, deposition notice and/or subpoena (the "discovery request"), counsel for the party who served the discovery request at issue will, along with the written submission, provide Chambers via e-mail with a copy of the particular discovery request at issue and the opposing party's written response to that particular request. Judge Shea does not need the entire discovery request and response but requires only the particular portions of the discovery request and response at issue.

4. Other than the written submission and any discovery requests and responses at issue, Judge Shea does not require, and does not want, counsel for the parties to provide him with any briefs, documents, deposition transcripts, correspondence or written argument regarding the discovery issue in dispute.

5. Following a review of the written submission and any discovery requests and responses at issue, the Court will determine whether additional steps, such as a telephonic conference

with the Court or additional briefing, are necessary for the Court to resolve the discovery dispute. In some cases, the Court may determine that no additional input is needed and issue an order based only on the letters and relevant discovery requests and objections submitted by the parties. Any such order will reflect the input received from the parties and will allow the parties to docket the materials submitted if they wish to preserve the record on particular points.

6. Before contacting Chambers to notify the Court of a discovery dispute, counsel for parties to any discovery dispute are required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 37(a) to have conferred with one another and to have made a good faith effort to eliminate or reduce the area of controversy. All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Judge Shea interprets the good faith conference obligation of the Federal Rules and Local Rules to require counsel to confer either face-to-face or by telephone; exchanges of correspondence are not sufficient in and of themselves to satisfy counsel's good faith conference obligations. **All written submissions describing the nature of the dispute submitted to the Court must include a written certification by each party that they have complied with their good faith conference obligations under the Federal Rules and Local Rules.**

7. Before notifying the Court of a discovery dispute, counsel for all parties to a discovery dispute must also agree upon the issues that they intend to raise with Judge Shea and inform Chambers of those issues at the time of the notification. If the parties cannot in good faith agree upon the issues to be raised with Judge Shea, they shall so notify Chambers.

8. Should the Court schedule a telephonic conference to discuss the dispute with the parties, counsel should agree in advance on which party will be responsible for initiating the telephonic discovery conference. Counsel should not contact Judge Shea's Chambers until counsel for all parties to the discovery dispute are on the telephone. Failure to participate in a scheduled telephonic discovery conference may result in the imposition of sanctions.

9. Should the Court issue any order following the telephonic conference, the party against whom the order is directed shall comply within 14 days pursuant to Local Rule 37(d), unless otherwise ordered by the Court.

## III. JOINT TRIAL MEMORANDUM INSTRUCTIONS

The parties shall confer and shall jointly prepare and submit for the Court's approval a Joint Trial Memorandum in compliance with the District's Standing Order Regarding Trial Memoranda in Civil Cases as modified in these instructions. **In addition to filing an original of the Joint Trial Memorandum with the Clerk of the Court, counsel shall also provide Chambers with a courtesy copy of the Joint Trial Memorandum and all attachments, both in hard copy and as an electronic file compatible with Microsoft Word, sent to Chambers via e-mail or saved on a CD-ROM.** The Joint Trial Memorandum is intended to be a jointly prepared document. Therefore, these Instructions are not satisfied by stapling together trial memoranda prepared separately by counsel for each party.

The Joint Trial Memorandum shall contain the following information:

1. TRIAL COUNSEL: Counsel shall list the names, addresses, telephone numbers, fax numbers and e-mail addresses of the attorney(s) who will try the case. **Trial counsel must attend the Final Pretrial Conference, unless excused in advance by the Court.**

2. JURISDICTION: Counsel shall set forth the basis for federal jurisdiction.

3. JURY/NON-JURY: Counsel shall state whether the case is to be tried to a jury or to the Court.

4. LENGTH OF TRIAL: Counsel shall set forth a realistic estimate of trial days required based on the expected length of testimony for each witness on both direct and cross-examination.

5. FURTHER PROCEEDINGS: Specify, with reasons, the necessity of any further proceedings prior to trial.

6. NATURE OF CASE: Counsel for both parties shall separately state the nature of each cause of action and the relief sought. If appropriate, state the nature of any cross-claims, counterclaims and/or affirmative defenses.

7. TRIAL BY MAGISTRATE JUDGE: Counsel shall indicate whether they have agreed to a trial by a Magistrate Judge and if so, file signed consent forms providing for any appeal to be heard directly by the Court of Appeals.

8. EVIDENCE: **Prior to preparing and submitting the Joint Trial Memorandum, counsel are required to exchange lists of proposed witnesses, exhibits and deposition transcripts to enable counsel for each party to state in the Joint Trial Memorandum whether they object to any proposed witness, exhibit or transcript.**

a. <u>Witnesses</u>: Counsel shall set forth the names and addresses of each witness to be called at trial, including a brief summary of the anticipated testimony and the expected duration of the witness's testimony. Counsel shall indicate which witnesses are likely to testify and which witnesses will be called only if the need arises. For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also state the area of the witness's expertise and attach a copy of the expert's report and a curriculum vitae, if available.

   Any objection to the admissibility of the testimony of any witness must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the witness regarding admissibility.

   **NOTE: Witnesses not included in this list shall not be permitted to testify at trial, except for good cause shown. All listed witnesses will be permitted to testify unless there is an explicit objection stated to the witness's testimony.**

b. <u>Exhibits</u>: Counsel shall attach a list of all exhibits—including a brief description of their contents—to be offered at trial, except for any exhibits used solely for impeachment. The parties shall mark all exhibits numerically with exhibit tags (which will be provided by the Clerk's Office upon request) starting with Plaintiff's Exhibit "1" and Defendant's Exhibit "501." Where there are multiple plaintiffs or defendants, counsel shall coordinate exhibit identification to ensure that exhibit numbers are not duplicated. Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to submission of the Joint Trial Memorandum. **Copies of all exhibits as to which there may be objections must be brought to the Final Pretrial Conference.** Three (3) days before trial, counsel shall deliver to Judge Shea copies of all exhibits placed in a three-ring binder with a copy of the exhibit list at the front of the binder and with each exhibit separately tabbed, and shall deliver to the Courtroom Deputy the original set of exhibits along with an exhibit list.

   Any objection to the admissibility of any exhibit must be stated in this section of the Joint Trial Memorandum, along with a brief statement of the grounds and authority supporting the objection as well as a brief statement from the proponent of the exhibit regarding admissibility.

   **NOTE: Exhibits not exchanged seven (7) days prior to submission of the Joint Trial Memorandum and exhibits not listed will not be admitted at trial, except for good cause shown and except for any exhibits admitted solely for**

**impeachment. All listed exhibits shall be deemed admissible unless there is an explicit objection stated to the exhibit.**

c. <u>Deposition Testimony</u>: Counsel shall list each witness who is expected to testify by deposition at trial. Such list will include a designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(6). The list shall include all objections to deposition designations. A marked-up version of the deposition transcript should also be submitted along with the Joint Trial Memorandum (blue for plaintiff; red for defendant).

**NOTE: Objections not stated in the Joint Trial Memorandum will be deemed waived, except for good cause shown.**

9. <u>STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>: Counsel for both parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law.

   a. <u>Bench Trial</u>: Each party shall submit specific proposed findings of fact necessary to support a judgment in that party's favor, identifying each witness and/or exhibit as to each factual conclusion. Each party shall also submit proposed conclusions of law, citing the legal authority that supports each claim or defense.

   Except by order of the Court, post-trial briefing will not be permitted. Any pre-trial memoranda which any party(ies) wish the Court to consider must be filed no later than seven (7) days prior to the date trial commences.

   b. <u>Jury Trial</u>: The stipulation of uncontroverted facts will be read to the jury, and no evidence shall be presented on the uncontested facts.

       i. <u>Proposed Voir Dire Questions</u>: Counsel shall attach a list of questions to be submitted to the jury panel as part of the Joint Trial Memoranda, with any supplements no later than 24 hours before jury selection.

       ii. <u>Proposed Jury Instructions</u>: The parties shall meet and confer for the purposes of preparing and filing jury instructions. Counsel shall attach requests for jury instructions, citing relevant legal authority for each proposed instruction. Counsel are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc. If any party objects to another party's proposed instruction, counsel must briefly state the nature of the objection and the legal authority supporting the objection.

      iii. <u>Proposed Verdict Form</u>: Counsel shall meet and confer for the purposes of preparing and filing a proposed verdict form and/or special interrogatories. Counsel shall attach (and also include on the diskette) proposed verdict forms and any proposed special interrogatories. If the parties are unable to agree as to the appropriateness of a proposed form, counsel for the objecting party must state the basis for the objection and provide an alternative proposal (on a diskette).

      iv. <u>Brief Description of Case and Parties</u>: Counsel shall meet and confer and agree upon a brief description of the case, the issues and the parties that the Court can read to proposed jurors at the outset of jury selection.

10.     <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>: Counsel shall list any evidentiary problems anticipated by any party and shall attach to the Joint Trial Memorandum motions in limine along with memoranda of law concerning any anticipated evidentiary problems, including any issues relating to the admissibility of expert testimony under Fed. R. Evid. 702–05 and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases. All memoranda in opposition to any motion in limine must be filed within seven (7) days of the date on which the Joint Trial Memorandum is filed and in no event later than three (3) days before the Final Pretrial Conference. Reply briefs shall not be filed in connection with motions in limine without obtaining permission in advance from the Court.

11.     <u>COURTROOM TECHNOLOGY</u>: Counsel shall specify what, if any, technology they intend to use during trial. For instance, if counsel intend to use an overhead projector, transparencies, Elmo, or to connect a laptop to display exhibits or other documents, they must specify as much in the Joint Trial Memorandum. Counsel may coordinate with the Courtroom Deputy to set up any technology in advance of trial.