UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

R. ALEXANDER ACOSTA,
Secretary of Labor, U.S. Department of Labor,
PLAINTIFF

v.                                                          Civ. No. 3:18-cv-00532-MPS

KATHRYN T. PUCCIO,
DEFENDANT

## ANSWER AND SPECIAL & AFFIRMATIVE DEFENSES

As to Paragraph 1, Defendant admits so much as alleges that this action arises under the Employment Retirement Income Security Act, 29 U.S.C. Sec 1001 *et seq.*, and has insufficient knowledge and information to admit or deny as to the balance of the Paragraph, to which she leaves Plaintiff to his proof.

As to Paragraph 2, 3, 5, and 6, Defendant admits.

As to Paragraph 4, Defendant admits the Paragraph except as to the conclusion "The employer was dissolved upon the death of Thomas P. Puccio on March 12, 2012," for which Defendant lacks sufficient knowledge and information to admit or deny and leaves Plaintiff to his proof.

As to Paragraph 7, Plaintiff Defendant lacks sufficient detailed knowledge and information of the Plan to admit or deny and leaves Plaintiff to his proof.

As to Paragraph 8, Defendant admits that there are two other participants who claim an interest in the plan but lacks sufficient knowledge and information to admit or deny that they are entitled to benefits.

As to Paragraph 9, Defendant admits.

As to Paragraph 10, Defendant admits so much of the Paragraph except that which states she "at all times material hereto, exercised authority or control respecting management or disposition of assets of the Plan," which she denies.

As to Paragraph 11, Defendant admits.

As to Paragraph 12, Defendant denies as to herself and lacks sufficient knowledge and information to plead as to allegations regarding "T. Puccio," leaving Plaintiff to his proof.

As to Paragraphs 13,14,15 and 18 Defendant lacks direct knowledge to admit or deny as to the records alleged and leaves Plaintiff to his proof.

As to Paragraph 16, Defendant denies.

As to Paragraph 17, Defendant denies the first sentence  and admits the balance of the Paragraph, except as to the amount of funds alleged to have been disbursed for her benefit, for which she lacks sufficient knowledge and information to admit or deny and leaves Plaintiff to his proof.

As to Paragraph 19, Defendant denies as to the allegation concerning herself and lacks sufficient knowledge and information to admit or deny as to the balance of the Paragraph, leaving Plaintiff to his proof.

As to Paragraphs 20,21,22,23,24, and 25, Defendant denies.

**BY WAY OF SPECIAL AND AFFIRMATIVE DEFENSES....**

I.  At all times relevant hereto and until his death, the Pension Plan in question was under the sole control of Thomas P. Puccio, Trustee, a prominent attorney who had created and was solely in control of the Plan, and Defendant Kathryn T. Puccio reasonably acted in reliance on the representations of Thomas P. Puccio, and on the instructions he had left to her for what disbursement of funds after his death she was entitled.

II. Defendant was not regularly present at the Law Office of Thomas P. Puccio and was not privy to knowledge of the office finances or the finances of the Pension Plan in question other than as informed by Thomas P. Puccio, which representations she was reasonably entitled to rely upon.

III. As to any joint bank accounts of Thomas P. and Kathryn T. Puccio alleged to have received funds from the Plan, said accounts were controlled by Thomas P. Puccio and the Defendant was

not aware of the financial details, and reasonably entitled to rely upon Thomas P. Puccio.

IV. Upon the death of Thomas P. Puccio, any documents in the Law Offices of Thomas P. Puccio, including any and all documents concerning the Pension Plan that may have instructed the Defendant not to make disbursements to herself under the Plan, were under the control of an employee of the Law Offices of Thomas P. Puccio and were not in the control of, nor brought to the attention of, the Defendant Kathryn T. Puccio.

V. The Plaintiff and participants in the Pension Plan know, knew or should have known that the Defendant Kathryn T. Puccio had limited knowledge of the Plan and its assets, and that the Plan and assets had been entirely under the control of Thomas P. Puccio.

VI. Any claims for losses from the Pension Plan stem from the acts and omissions of the late Thomas P. Puccio and should have been made against Kathryn T. Puccio in her capacity as the Executrix of the Estate of Thomas P. Puccio in the State of Connecticut Probate Court for the District of Weston/Westport and, to the extent they were not, should be barred when made against Kathryn T. Puccio individually.

VII.    Any losses stemming from the acts and omissions of Thomas P. Puccio as Trustee of the Pension Plan should not be imputed to the Defendant Kathryn T. Puccio as an innocent spouse and beneficiary of the Pension Plan acting reasonably and in good faith in reliance on Thomas P. Puccio.

THE DEFENDANT KATHRYN T. PUCCIO

By_____*/s/*_____
MARK A. SHIFFRIN, ESQ.
129 Church Street – Suite 501- New Haven CT 06510
Fed Bar ID Ct00245 - mark@markshiffrin.com
Tel. 203-553-5353

CERTIFICATION

A copy of the foregoing was served by email to Gail E. Glick, Senior Trial Attorney, Office of the Solicitor, U.S. Department of Labor, at glick.gail@dol.gov and bos-sol-ecf@dol.gov on 5/21/2019.

_____/s/_____
Mark A. Shiffrin, Esq.